# Exhibit A

# (Composite)



**FastForward div of 1411347 Ontario Limited**

# CONTRACT OF PURCHASE AND SALE

SELLER ISSUES THIS ELECTRONIC VERSION CONTRACT TO BE SIGNED BY BOTH PARTIES WHICH WILL HAVE LEGAL FORCE UNTIL SIGNING OF THE ORIGINAL CONTRACT

**PURCHASE AND SALE CONTRACT** FOR TWELVE **THOUSAND FIVE HUNDRED (12,500) METRIC TONS** OF REFINED CANE SUGAR ICUMSA 45 RBU.

**CONTRACT NUMBER: ST/ /130411**
**TRANSACTION CODE: ST/ /130411 /12,5KSU**
**FCO NUMBER: ST/ /030411/SUGAR/12,500K**

*****THIS CONTRACT IS CONFIDENTIAL AND CANNOT BE CIRCULATED FREELY AND IS ONLY FOR THE PURPOSE OF THIS TRANSACTION. ALL CHANGES MADE TO THE CONTRACT MUST BE INITIALED AND ARE SUBJECT TO THE SELLERS FINAL APPROVAL**.***

THIS AGREEMENT IS MADE ON May 4, 2011 UNDER ICC TERMS AND CONDITIONS.

AS THE SELLER:

***SELLER***

| | |
|---|---|
| *COMPANY/CORPORATION* | ***1411347 ONTARIO LIMITED c.o.b. FASTFORWARD*** |
| *REGISTRATION NO.* | |
| *COUNTRY OF REG.* | *INCORPORATED IN ONTARIO, CANADA* |
| *ADDRESS* | *33 QUEEN ST. S.* |
| *CITY* | *KITCHENER, ONTARIO* |
| *TELEPHONE* | *1-519-212-8867* |
| *EMAIL* | ***Fastforwardglobal@gmail.com*** |
| *REPRESENTED BY* | *Mr. Alex Ruge* |
| *TITLE/POSITION* | *MGR. COMMODITY SALES* |
| *ISSUING COUNTRY* | *CANADA* |

AS THE BUYER:

***BUYER***

| | |
|---|---|
| *COMPANY/CORPORATION* | **Sweetener's Plus, Inc** |
| *REGISTRATION NO.* | |
| *COUNTRY OF REG.* | **United States** |
| *ADDRESS* | **5768 Sweeteners Blvd.** |
| *CITY / COUNTRY* | **Lakeville, NY USA** |
| *TELEPHONE* | **585-346-2318** |
| *FAX* | **585-346-2310** |
| *EMAIL* | **Mark.Whitford@sweetenersplus.com** |
| *REPRESENTED BY* | **Mark Whitford** |
| *TITLE/POSITION* | **Vice President Sales & Marketing** |
| *PASSPORT NUMBER* | |

**INTRODUCTORY VIA: STAR TRADING, ATLANTA/LENHILL INDUSTRIES**



**FastForward div of 1411347 Ontario Limited**

WHEREAS THE SELLER OR THE SELLER'S ASSIGNEE (AS MENTIONED IN CLAUSE 19) WITH FULL CORPORATE AUTHORITY AND RESPONSIBILITY CERTIFIES, REPRESENTS, AND WARRANTS THAT IT CAN FULFILL THE REQUIREMENTS OF THIS AGREEMENT, AND OWNS THE PRODUCT REFERRED TO HEREIN AND IS TO ABLE PROVIDE THE PRODUCT REFERRED TO HEREIN IN TIME AND FOR THE TERMS AGREED UPON THEREAFTER.

WHEREAS THE BUYER WITH FULL CORPORATE AUTHORITY AND RESPONSIBILITY HEREBY CERTIFIES, REPRESENTS, AND WARRANTS THAT THEY ARE READY, WILLING AND ABLE TO PURCHASE THE FOLLOWING DESCRIBED COMMODITY UNDER THE TERMS AND CONDITIONS AS SET OUT HEREUNDER, SUBJECT TO EXECUTION OF THE CONTRACT FOR THE PURCHASE OF THE SAID COMMODITY.
UPON CONSIDERATION OF THE MUTUAL AGREEMENT, PROMISE, BENEFIT AND TERMS OF THIS COMMERCIAL AGREEMENT AND VALUABLE CONSIDERATION OF THE BENEFIT WHICH IS HEREBY ACKNOWLEDGED, THE PARTIES DO HEREBY AGREE TO HONOR THE FOLLOWING TERMS AND CONDITIONS:

WHEREAS THE SELLER AGREES TO SELL AND BUYER AGREES TO BUY THE COMMODITY AS DEFINED BELOW, IN ACCORDANCE WITH THE QUANTITY IN METRIC TONS, THE PRICE GIVEN IN UNITED STATES DOLLARS, THE SPECIFICATIONS AND THE TERMS AND CONDITIONS SET OUT WITHIN THIS CONTRACT AND ALL IN ACCORDANCE WITH INCOTERMS 2000.

**ARTICLE 01 - COMMODITY**

REFINED CANE SUGAR ICUMSA 45 RBU

**ARTICLE 1.1 - QUANTITY**

**TWELVE THOUSAND FIVE HUNDRED (12,500)** METRIC TONS IN A SPOT SHIPMENT WITH A POSITIVE OR NEGATIVE WEIGHT TOLERANCE TO A MAXIMUM OF PLUS OR MINUS FIVE PERCENT (+/- 5%). THE TOTAL DELIVERED AND SHIPPED QUANTITY OF THIS AGREEMENT SHALL BE DETERMINED AND VERIFIED BY THE INSPECTING AUTHORITY AS THE COLLECTIVE WEIGHT RESULT OF BILL(S) OF LADING OF ALL SHIPMENTS THAT WERE, IN EFFECT, DELIVERED AND SHIPPED TO THE BUYER DURING THE AGREEMENT PERIOD.

**ARTICLE 02 – DDP PRICE**

**UNIT PRICE: US$ 700.00** (SEVEN HUNDRED U.S. DOLLARS) PER METRIC TON DDP **PORT ELIZABETH, NEW JERSEY** BUYER SPECIFIED "U.S. NON-SANCTIONED" SUBJECT TO AND IN STRICT ACCORDANCE OF **ARTICLE 2** OF THIS CONTRACT.

**TOTAL CONTRACT PRICE: US8,750,000.00** (EIGHT MILLION SEVEN HUNDRED AND FIFTY THOUSAND U.S. DOLLARS) FOR THE QUANTITY, IN METRIC TONS AS CONTRACTED FOR HEREIN,

**ARTICLE 03 – COMMODITY QUALITY AND SPECIFICATIONS**

| COMMODITY | WHITE CANE SUGAR ICUMSA 45 RBU<br>Attenuation index units (method # 4-1978) |
|---|---|
| POLARITY AT 20 DEG CENTIGRADE | 99.80 MIN. |
| SULPHATE & ASH CONTENT | 0.04% |
| MOISTURE | 0.04% |
| SOLUBILITY | 100.0% DRT AND FREE FLOWING |
| GRANULATION | FINE |
| ICUMSA | MAX. 45 ICUMSA WITH INDEX UNITS METHOD NO: 4619871 |
| SEDIMENTS | NONE |

Seller [signature]  Buyer



FastForward div of 1411347 Ontario Limited

| COLOR | SPARKLING WHITE |
|---|---|
| CROP | 2009/2010 |
| MAGNETIC PARTICLES | MG/K 4. |
| SO2 | 20 MG/KG MAXIMUM |
| RADIATION | NORMAL W/O PRESENCE OF CESIUM OR IODINE: CERTIFIED |
| SMELL | FREE OF ANY SMELL & ALL PATHOGENS; STAPH AUREAS |
| REDUCING SUGAR | 0.05% MAX |
| SUBSTANCE | SOLID CRISTAL MAXIMUM BY WEIGHT |
| MAX AS | 1 P.P.M. |
| MAX OS | 2 P.P.M. MAXIMUM. |
| MAX CU | 3 P.P.M. |

**ARTICLE 04 – ORIGIN**

THE COUNTRY OF BRASIL /SELLERS CHOICE

**ARTICLE 05- PACKING & MARKING**

ALL SUGAR IS TO BE BULK OR PACKED IN TWELVE THOUSAND FIVE HUNDRED JUMBO SUPER BAGS (1,000 KG/BAG) WHICH ARE NEW POLYLINED ETHYLENE AND POLYPROPYLENE BAGS, OR INTERNATIONALLY ACCEPTABLE EQUIVLENT. THE SELLER SHALL SUPPLY TWO PERCENT (2%) OF EMPTY BAGS AT THE SELLER'S EXPENSE. PROVISION OF THOSE SAME EMPTY BAGS SHALL BE SO STATED ON THE BILL OF LADING, INVOICE AND PACKING LIST AS "FREE OF CHARGE". ANY ADDITIONAL PACKAGING REQUIREMENTS OF THE BUYER ARE AT ADDITIONAL COST.

**ARTICLE 06 –SHIPMENT**

THE COMMODITY SHALL BE TRANS-SHIPPED FROM PANAMA IN VESSELS CONTAINING ____ CONTAINERS UNTIL THE ENTIRE AMOUNT IF DELIVERED AND SHALL BE DELIVERED WITHIN 35-45 DAYS, OR SOONER SUBJECT TO SHIPPING AVAILABILITY AND INFRASTRUCTURAL CONDITIONS AT THE LOADING PORT AND/OR THE BUYER'S DESIGNATED PORT OF DISCHARGE.

THE SHIPMENT SHALL COMMENCE WITH IN 35-45 DAYS AFTER SELLER RECEIVE THE ACCEPTABLE PAYING INSTRUMENT FROM TOP 25 BANK. SHIPMENT WILL COMMENCE AND COMPLETE WITHIN 45 DAYS.

THE START AND END DATES FOR SHIPMENTS WILL BE DETERMINED BY THE DATE OF RECEIPT BY THE SELLER OF AN ACCEPTABLE OPERATIVE FINANCIAL INSTRUMENT FROM THE BUYER.

**ARTICLE 07 - DESTINATION**

**PORT ELIZABETH, NEW JERSEY USA**

**ARTICLE 08 – PAYMENT TERMS AND CONDITIONS :**

TOTAL CONTRACT PRICE IS $8,750,000 USD (EIGHT MILLION SEVEN HUNDRED FIFTY THOUSAND US DOLLARS) FOR 12,500MT (TWELVE THOUSAND FIVE HUNDRED METRIC TONS) (+/-5%)

BUYER UNDERSTANDS THAT THEY WILL PAY FOR EACH SHIPMENT WITH AN MT 103 AT CIBC BANK UPON PRESENTATION OF SHIPPING DOCUMENTS FROM THE SELLER.

IT IS HEREBY AGREED THAT TITLE/OWNERSHIP OF THE SHIPMENT SHALL NOT TRANSFER TO BUYER UNTIL

Seller [signature]  Buyer



FastForward div of 1411347 Ontario Limited

SELLER RECEIVES THE MT 103 IN THE TRUST ACCOUNT REFERENCED BELOW.

THE BUYER WILL HAVE FUNDS AVAILABLE AND READY FOR TRANSFER WHEN LOADING STARTS AND THIS WILL BE VERIFIABLE BY SELLER IF REQUESTED BY THE TRUST AGENT OR BANK OFFICER /MANAGER.

THIS IS A SPOT PURCHASE, THEREFORE, AN IRREVOCABLE, TRANSFERABLE, DIVISIBLE, ASSIGNABLE, CONFIRMED AND UNCONDITIONAL SBLC MUST BE LODGED IMMEDIATELY.

ALL FINANCIAL INSTRUMENTS MUST BE ADVISED THROUGH SELLER'S BANK AND PAYABLE AT THE COUNTERS OF THE SELLER'S BANK.

THE TEXT OF THE FINANCIAL INSTRUMENT(S) MUST BE SENT BY THE BUYER'S BANK FOR APPROVAL OF THE SELLER'S BANK. CONFIRMATION OF THE FINANCIAL INSTRUMENTS WILL BE TO THE ACCOUNT OF THE APPLICANT.

**ARTICLE 08.1 – FINANCIAL INSTRUMENT'S MAJOR TERMS**

BUYER'S BANK WILL GET ITS INSTRUCTION FROM THE BUYER DIRECTLY TO ISSUE THE FINANCIAL INSTRUMENT. SUCH INSTRUCTION SHALL BE WITHIN THIS CONTRACT TERMS AND CONDITIONS.

CHARTER PARTY BILL OF LADING AND OR THIRD PARTY DOCUMENTS ARE ACCEPTABLE.
PARTIAL SHIPMENT(S) IS ALLOWED, TRANSSHIPMENT THROUGH PANAMA AND RELOADING INTO 40' CONTAINERS SHALL BE ALLOWED.

SHIPPING DOCUMENTS PRESENTED WITHIN FIFTEEN (15) DAYS AFTER BILL OF LADING DATE BUT WITHIN FINANCIAL INSTRUMENT'S VALIDITY ARE ACCEPTABLE.

QUANTITY AND AMOUNT OF FINANCIAL INSTRUMENT PLUS OR MINUS FIVE PERCENT (+/-5%) ALLOWED.

FINANCIAL INSTRUMENT TO REQUEST CORRESPONDENT / CONFIRMING BANK, IF ANY, TO ADD ITS CONFIRMATION.

ALL BANKING CHARGES AND COMMISSIONS RELATING TO THE ISSUANCE OF THE FINANCIAL INSTRUMENT INCLUDING CONFIRMATION FEES ARE FOR THE BUYER ACCOUNT.

FINANCIAL INSTRUMENT'S AMENDMENT CHARGES WILL BE AT THE FAULTY PARTY'S ACCOUNT.

MISCELLANEOUS:
CARBON COPIES CANNOT BE USED AND WILL NOT BE ACCEPTED
DOCUMENTS OTHER THAN ENGLISH LANGUAGE ARE NOT ACCEPTABLE

**ARTICLE 09 - PERFORMANCE BOND**

A PERFORMANCE BOND OF 2% WILL BE ISSUED BY THE SELLER FOR THE FINANCE INSTRUMENT VALUE ACCEPTED BY THE SELLER AND SELLERS BANK.

**ARTICLE 10 - SHIPPING DOCUMENTS**

Seller 



Buyer



**1411347 ONTARIO LTD**

AFTER SHIPPING THE COMMODITY, SELLER SHALL OBTAIN, TRANSMIT, AND LODGE THE FOLLOWING DOCUMENTS AT THE SELLER'S BANK, IN EACH CASE IN A FORM SATISFACTORY TO THE SELLER'S BANK ALL OF WHICH WILL BE IN TURN FORWARDED TO THE BUYER'S BANK:

**SIGNED COMMERCIAL INVOICE** IN THREE (3) ORIGINALS AND TWO (2) COPIES, INDICATING CONTRACT NUMBER, DESCRIPTION OF THE GOODS, UNIT PRICE AND TOTAL VALUE, GROSS/NET WEIGHT, AND SHIPPING TERMS (CIF), AND OCEAN BILL OF LADING NUMBER;

THREE (3) ORIGINAL & THREE (3) NON-NEGOTIABLE COPIES OF **CLEAN ON BOARD BILL OF LADING** (HEREINAFTER KNOWN AS "B/L"), MARKED "FREIGHT PREPAID" AS PER CHARTER PARTY CONTRACT, ISSUED "TO THE ORDER OF SELLER", BANK ENDORSED AND "NOTIFY BUYER"; AND

**PACKING LIST** IN ONE (1) ORIGINAL AND THREE (3) COPIES, INDICATING GROSS & NET WEIGHT; AND

**SGS CERTIFICATE OF WEIGHT** (WHICH INDICATES NET WEIGHT, DATE AND PLACE OF ISSUANCE), **GRADE, QUALITY, AND CONDITION** OR ANALOGOUS ORGANIZATION AT THE PORT OF LOADING, ONE (1) ORIGINAL AND THREE (3) COPIES; AND

**CERTIFICATE OF ORIGIN**, ISSUED BY OR ENDORSED BY THE RELEVANT GOVERNMENT AUTHORITY OR THE CHAMBER OF COMMERCE FROM THE COUNTRY OF ORIGIN, ONE (1) ORIGINAL AND THREE (3) COPIES; AND

**PHYTOSANITARY CERTIFICATE** ISSUED BY SGS OR ISSUED AND ENDORSED BY THE LOCAL AUTHORIZED GOVERNMENT AGENCY, WHICH DECLARES THE SUGAR IS FIT FOR HUMAN CONSUMPTION, AND CERTIFIES THE SUGAR BEING SHIPPED IS FREE OF QUARANTINE PESTS AND GENERALLY CONFORMS TO THE PHYTOSANITARY REQUIREMENTS OF THE COUNTRY OF DESTINATION, ONE (1) ORIGINAL AND THREE (3) COPIES; AND

**LOADING SUPERVISION CERTIFICATE** ISSUED BY SGS CERTIFYING THAT THE CORRECT SHIPMENT HAS BEEN LOADED ON BOARD THE VESSEL, AND AN OFFICIAL **STOWAGE EXAMINATION CERTIFICATE** ISSUED BY SGS STATING THAT VESSEL HOLDS STOWAGE AREAS WERE DULY EXAMINED PRIOR TO LOAD AND ARE FOUND SUBSTANTIALLY CLEAN AND FREE FROM RUST SCALE AND RESIDUE, WEEVILS AND LIVE INSECTS AND SUITABLE TO STORE OR CARRY BAGGED SUGAR INTENDED FOR USE AS AN EDIBLE PRODUCT, ONE (1) ORIGINAL AND THREE (3) COPIES; AND

**CERTIFICATE OF RADIATION** LEVEL ISSUED OR CERTIFIED BY SGS DECLARING THE PRODUCT RADIATION LEVEL AS NORMAL, ONE (1) ORIGINAL, AND ONE (1) COPY; AND

SELLER'S NOTARIZED STATEMENT THAT COMMERCIAL INVOICE HAS NOT BEEN INCLUDED WITH THE SHIPMENT OF THE GOODS, ONE (1) ORIGINAL; AND

**CROP CERTIFICATE** ISSUED BY SELLER CONFIRMING THE PRODUCT IS FRESH FROM THE LATEST HARVEST SEASON AND THE YEAR OF PRODUCTION IS NOT EARLIER THAN 2008 FIT FOR HUMAN CONSUMPTION; AND THE STOCK IS OF FAIR AND MERCHANTABLE QUALITY, ONE (1) ORIGINAL AND THREE (3) COPIES; AND

**SHIPPING COMPANY STATEMENT** IN ONE (1) ORIGINAL AND THREE (3) COPIES CONFIRMING THAT;

A) COPY OF THE BILL OF LADING, PHYTOSANITARY CERTIFICATE, AND CERTIFICATE OF ORIGIN WERE DELIVERED TO THE CARE OF THE VESSEL MASTER, AND



FastForward div of 1411347 Ontario Limited

B) THE VESSEL AGE IS NOT ABOVE TWENTY (20) YEARS (OR SELLER WILL BEAR THE INSURANCE PREMIUM FOR EXCESS COVERAGE COSTS) AND MUST BE CLASSIFIED 100 A-1 WITH LLOYD'S REGISTER OR BE OF EQUIVALENT CLASSIFICATION AND ENTERED WITH PROTECTION AND INDEMNITY CLUB.

EXCEPTING THE SELLER'S INVOICE, THIRD PARTY DOCUMENTS ARE ACCEPTABLE TO BOTH PARTIES.

**ARTICLE 11 – BANKING DETAILS**

ALL FINANCIAL INSTRUMENTS ARE TO BE ADVISED TO THE BENEFICIARY THROUGH AND DOMICILED AT THE BANK SPECIFIED BELOW.

**ARTICLE 11.1 - SELLER'S BANK**

| | SELLER |
|---|---|
| **Account's name** | **1411347 ONTARIO LIMITED (US ACCOUNT)** |
| **Bank Name** | **CIBC** |
| **Account Number** | 00152 010 0247111 |
| **SWIFT Code** | CIBCCATT |
| **Bank Officer** | CORAL JENKINS |
| **Bank Phone** | 519-7424432 EXT 226 |
| **Bank Fax** | |

**ARTICLE 11.2 - BUYER'S BANK**

| | BUYER |
|---|---|
| BANK NAME | |
| ADDRESS | |
| CITY / COUNTRY | |
| ACCOUNT NAME | |
| ACCOUNT NUMBER | |
| SWIFT CODE | |
| BANKING OFFICER | |
| BANK OFFICER'S EMAIL | |
| TELEPHONE NUMBER | |
| FAX NUMBER | |

**ARTICLE 11.3 - ALTERNATE CORPORATE BANK ACCOUNTS**

DUE TO THE DIFFERENT BANKING REGULATIONS AND PRACTICES AROUND THE WORLD, VARIOUS BANKING INSTRUMENTS ARE ACCEPTED BY SOME BANKS IN SOME COUNTRIES AND NOT ACCEPTED BY OTHERS. DEPENDING UPON THE FINANCIAL INSTRUMENT FINALLY ISSUED BY THE BUYER TO THE



FastForward div of 1411347 Ontario Limited

SELLER, IN ORDER TO FACILITATE THE TRANSACTION, IT MAY BE NECESSARY FOR THE SELLER TO USE A BANK OTHER THAN THAT ORIGINALLY DESIGNATED. ****DIRECT CONTACT WITH ANY BANK DESIGNATED BY THE SELLER WITHOUT FIRST GAINING WRITTEN PERMISSION FROM AN OFFICER OF THE SELLER WILL RENDER THIS CONTRACT NULL AND VOID.*****

ARTICLE 12 - CONTRACT PROCEDURES:

1. THE BUYER ISSUES SELLER THEIR PURCHASE ORDER (done)
2. THE SELLER REVIEWS THE LOI AND UPON ACCEPTANCE ISSUES DRAFT CONTRACT TO BUYER FOR COMMENTS AND ACCEPTANCE, THE BUYER SIGNS AND RETURNS THE DRAFT CONTRACT SHOWING ALL AMENDMENTS REQUIRED INITIALED AND ADDS THEIR FULL BANKING COORDINATES, CONFIRMING BANKING INFORMATION AND CONTACT INFORMATION.
3. THE SELLER, AFTER DISCUSSING AND FINALIZING ALL AMENDMENT WITH THE BUYER ON PHONE OR E-MAIL, AMENDS WHERE NECESSARY THE CONTRACT, AND SIGNS, SEALS AND ISSUES TO THE BUYER A FINAL COPY OF THE CONTRACT FOR ITS COMPLETION.
4. BEFORE FINAL CONTRACT WITH OUR BANKING IS ISSUED, BUYER SENDS A LETTER FROM HIS BANK STATING THAT THEY HAVE THE ABILITY TO OPEN A STAND BY LETTER OF CREDIT (SBLC) IN THE AMOUNT STATED IN THE CONTRACT. A COPY OF THE TEXT OF THE LETTER OF CREDIT IS NEEDED FOR APPROVAL BY A REPRESENTATIVE OF THE SELLER AFTER THE FINAL CONTRACT HAS BEEN SIGNED AND RETURNED.
5. THE BUYER REVIEWS THE FINAL CONTRACT AND UPON ACCEPTANCE SIGNS THE FINAL COPY CONTRACT AND RETURNS IT TO THE SELLER. IF FURTHER REVISIONS ARE REQUIRED THEY ARE NOTED AND SENT BACK TO THE SELLER FOR FURTHER REVIEW. ANY FACSIMILE OR ELECTRONIC COPY SHALL BE CONSIDERED AS THE ORIGINAL
6. UPON RECEIPT OF THE ACCEPTED SIGNED AND SEALED FINAL CONTRACT FROM THE SELLER VIA EMAIL, BUYER WILL PRINT A COPY OF THE CONTRACT AS A HARD COPY, SIGN IT AND RETURN VIA COURIER TO THE SELLER'S MAILING ADDRESS ON THE CONTRACT. SELLER WILL THEN SEND THREE (3) HARD COPIES TO THE BUYER OF THEIR FINAL CONTRACT SIGNED AND SEALED.
7. WITHIN TEN (10) BANKING DAYS BUYER SHALL ISSUE THE FINANCIAL INSTRUMENT WHICH WILL BE NON OPERATIVE AND WILL COME OPERATIVE WITH THE ISSUANCE OF PROOF OF PRODUCT (POP) AND PERFOMANCE BOND (PB) BANK TO BANK.
8. WITHIN TEN (10) BANKING DAYS AFTER RECEIPT OF FINANCE INSTRUMENT ACCEPTABLE TO THE SELLER AND THE SELLERS BANK THE SELLER PROVIDES PROOF OF PRODUCT AND PB-2% TO THE BUYER.
9. DELIVERY AND SHIPMENT SHALL COMMENCE AFTER THE FULFILLMENT OF THE PROCEDURE, STATED ABOVE, AS PER THE TERMS AND CONDITIONS OF THIS CONTRACT

**ARTICLE 13 - TERMS OF DELIVERY**



**1411347 ONTARIO LTD**

**ARTICLE 13 - TERMS OF DELIVERY**

THE DATE OF THE BILL OF LADING SHALL BE CONSIDERED THE DATE OF THE SHIPMENT AND DELIVERY. THIRD PARTY BILL OF LADING SHALL BE ACCEPTABLE.

TERMS AND CONDITIONS OF THE CHARTER PARTY SHOULD COMPLY WITH THE TERMS AND CONDITIONS AS CONTAINED HEREIN. SHOULD ANY TERMS OR CONDITIONS OF THE CHARTER PARTY CONFLICT WITH THIS CONTRACT, THE TERMS AND CONDITIONS WITHIN THIS CONTRACT SHALL PREVAIL.ANY DISPUTES BETWEEN SHIP OWNERS AND CHARTERERS' SHALL NOT DELAY THE DELIVERY OF THE CARGO.

ALL EXPORT EXPENSES INCLUDING BUT NOT LIMITED TO: EXPORT LICENSE, IF ANY, EXPORT TAXES, LEVIES, ANY OTHER DUTIES, TARIFFS, APPLICABLE TAXES, DISPATCH DUTIES; PAYMENT OF ANY KIND ON CARGO TO AUTHORITIES OR GOVERNMENT OF THE COUNTRY OF EXPORTATION TO WHICH THE GOODS ARE LOADED, CONSULAR FEES, CUSTOMS, IMPORT CLEARANCE, ANY NECESSARY DOCUMENTATION IMPOSED BY THE COUNTRY OF EXPORTATION, LOADING AND ANY RELATED EXPENSES AT LOADING PORT ARE FOR THE ACCOUNT OF THE SELLER, AND ARE THE SOLE RESPONSIBILITY OF THE SELLER.

ALL IMPORT EXPENSES INCLUDING BUT NOT LIMITED TO: IMPORT LICENSE, IF ANY, IMPORT TAXES, LEVIES, ANY OTHER DUTIES, TARIFFS, APPLICABLE TAXES, DISPATCH DUTIES; PAYMENT OF ANY KIND ON CARGO BY AUTHORITIES OR GOVERNMENT OF THE COUNTRY OF DESTINATION TO WHICH THE GOODS ARE DELIVERED, ARE FOR THE ACCOUNT OF THE SELLER. DISCHARGING AND ANY RELATED EXPENSES AT DISCHARGE PORT/PIER ARE FOR THE ACCOUNT OF THE SELLER AND ARE THE SOLE RESPONSIBILITY OF THE SELLER TO UNLOAD CONTAINERS OFF IMPORT VESSEL FOR DELIVERY TO BUYERS PIER DRYAGE AGENTS. NOTE: BECAUSE THE SUGAR IMPORTED INTO THE UNITED STATES FALLS UNDER THE EXISTING QUOTA,BUYER ANTICIPATES THERE WILL BE NO DUTY CHARGES TO THEM, AND THAT THE SELLER WILL COVER ANY AND ALL DUTIES PAYABLE TO THE US CBP THAT ARE ASSOCIATED WITH THE SAID TRANSACTION, AND THE SELLER WILL COVER ALL DUTIES, IMPORT USER FEES, AND HARBOUR MAINTENANCE AND OTHER FEES APPLICABLE AND LEVIED BY US CBP ON REFINED CANE SUGAR-ICUMSA 45 UNDER ITS IMPORT TARIFFS HTSUS COVERING THE OCEAN CARGO IMPORTS INTO THE COMMERCE OF THE UNITED STATES OF AMERICA.

THE BUYER WILL BE RESPONSIBLE TO MAKE THE US CUSTOMS ENTRY IN ITS NAME, USE ITS IMPORT CUSTOMS BOND, AND PAY ALL CLEARANCE AND US CUSTOMS FORMALITIES, SUCH AS CONSULAR FEES, CUSTOMS ENTRY AND IMPORT CLEARANCE FEES, ANY AND ALL NECESSARY CUSTOMS ENTRY FILING DOCUMENTATION IMPOSED BY THE COUNTRY OF DESTINATION. FURTHERMORE THE BUYER WILL PAY THE DRYAGE FROM THE PORT OF ELIZABETH PIERS. WAREHOUSING AND HANDLING IN THE PORT, RETURNING THE EMPTY OCEAN CONTAINER TO THE DESIGNATED OCEA CARRIER DEPOT AND ALL INLAND TRANSPORTATION TO ITS DOOR IN LAKEVILLE, NEW YORK. USA..

THE BUYER SHALL PROVIDE AN AFFIDAVIT CERTIFICATE WARRANTING THAT THEY GUARANTEE AT THEIR OWN EXPENSE AND AT THE RISK OF PENALTY TO HAVE PROPER IMPORT PERMISSION ARRANGED PRIOR TO VESSEL DEPARTURE, IF APPLICABLE.

INSURANCE: THE SELLER, AT THE SELLER'S EXPENSE SHALL INSURE THE CARGO FOR ONE HUNDRED AND TEN PERCENT (110%) OF THE REPLACEMENT COST FOR THE CARGO FOR EACH SHIPMENT, IN FAVOUR OF THE BUYER. THIS WILL BE AN ALL-RISK MARINE POLICY, ISSUED BY A FIRST CLASS INSURANCE COMPANY.

PRE-ADVICE OF SHIPMENT: APPROXIMATELY FIVE (5) DAYS BEFORE LOADING COMMENCES, THE SELLER SHALL INFORM THE BUYER BY CABLE, TELEX, EMAIL OR FAX OF THE CONTRACT NUMBER, NAME OF COMMODITY, NAME OF VESSEL, FLAG OF VESSEL, NAME OF LOADING PORT AND ESTIMATED SAILING DATE AND CONFIRM THAT THE VESSEL IS NOT OLDER THAN TWENTY (20) YEARS AND IS CLASSIFIED AT LLOYDS 100-A-1 OR OF EQUIVALENT CLASS OF OTHER RECOGNIZED CLASSIFICATION SOCIETY.