

**FastForward div of 1411347 Ontario Limited**

SELLER WILL ADVISE THE BUYER OF THE NAME OF THE CHARTERED VESSEL, HER PLACE, AND POSITION, TEN (10) DAYS BEFORE THE VESSEL'S ARRIVAL AT THE LOADING PORT.

WITHIN SEVENTY TWO (72) HOURS AFTER THE VESSEL'S DEPARTURE FROM THE PORT OF LOADING, THE SELLER'S SHIPPING AGENT AND/OR THE MASTER OF THE VESSEL, SHALL NOTIFY THE BUYER OR HIS AUTHORIZED AGENT AT DESTINATION PORT OF THE FOLLOWING BY WAY OF TELEX/FAX/CABLE/E-MAIL: THE NAME OF THE NOMINATED VESSEL, IT'S FLAG AND STEAMSHIP COMPANY, TONNAGE, THE VESSEL'S SAILING DATE AND ESTIMATED TIME OF ARRIVAL (HEREINAFTER KNOWN AS "ETA") AT THE DISCHARGE PORT, THE OCEAN BILL OF LADING NUMBER, CONTRACT NUMBER, NET QUANTITY LOADED, NUMBER OF HATCHES / CRANES / DERRICKS.

ALL CHARGES AT THE PORT OF UNLOADING ARE FOR THE BUYER'S ACCOUNT. ANY TAXES OR LEVIES AT THE LOADING PORT ARE ON THE SELLER'S ACCOUNT.

SELLER SHALL PROVIDE WRITTEN ALERT TO BUYER WITHIN TWENTY-FOUR (24) HOURS AFTER RECEIPT OF NOTICE THAT VESSEL TRANSPORTING COMMODITY HAS EXPERIENCED DAMAGE, PERIL, LOSS, BREAKDOWN, OR ACCIDENT.

THE MINIMUM DISCHARGE RATE SHALL BE ONE THOUSAND FIVE HUNDRED (1,500) METRIC TONS AVERAGE MINIMUM PER WEATHER WORKING DAY OF TWENTY-FOUR (24) CONSECUTIVE HOURS AND BE IN ACCORDANCE WITH THE DISCHARGING PORT CAPACITY. THE TIMES PRECEDING TO 08:00 HOURS ON THE DAY SUCCEEDING ANY HOLIDAYS ARE EXCLUDED, EVEN IF USED. WHETHER IN BERTH OR NOT, (WIBON), WHETHER IN PORT OR NOT, WHETHER IN FREE PRACTICE OR NOT, WHETHER CUSTOMS CLEARED OR NOT, (WCCON). VESSEL HATCH OPENING AND CLOSING SHALL BE PERFORMED UNDER BUYER RESPONSIBILITY, CONTROL AND ACCOUNT.

SHOULD THE VESSEL BE DISCHARGED AT A RATE GREATER THAN THE AVERAGE, NO DELAY SHALL BE PAYABLE. IN THIS CASE SELLER SHALL PAY THE DISPATCH IN RELATION TO DELAY IN THE SAME WAY.

SHOULD THE VESSEL BE DISCHARGED AT A RATE LESS THAN THE AVERAGE, THE BUYER WILL PAY TO THE SELLER DELAY AT THE CHARTER PARTY'S STATED RATE PER RUNNING DAY AND THE PRO-RATED SHARE FOR ANY PORTION OF SUCH RUNNING DAY.

DEMURRAGE AND DISPATCH RATES ARE TO BE DETERMINED AS PER THE GOVERNING CHARTER PARTY AT TIME OF VESSEL'S NOMINATION. SELLER WILL PROVIDE THE BUYER WITH FIXED DEMURRAGE AND DISPATCH RATE.

STANDARD DEMURRAGE AND DISPATCH AT DESTINATION PORT SHALL BE ESTIMATED AT US$16,000 (SIXTEEN THOUSAND UNITED STATES DOLLARS) AND US$8,000 (EIGHT THOUSAND UNITED STATES DOLLARS) PER DAY RESPECTIVELY FOR VESSELS OF TWENTY FIVE THOUSAND (25,000) METRIC TONS, PRO RATA THEREAFTER.  THE DEMURRAGE AND DISPATCH MONEY WILL BE PAID AGAINST NOTICE SIGNED BY THE OWNER OR MASTER OF THE VESSEL OR THE SELLER'S REPRESENTATIVE AND ALSO AGAINST PRESENTATION OF A WRITTEN ACCOUNTING OR ACTUAL STATEMENT OF FACTS WITHIN THIRTY (30) DAYS. PAYMENT WILL BE APART FROM THE FINANCIAL INSTRUMENT.  SELLER AGREES TO OFFSET BUYER'S DEMURRAGE CHARGES COVERING ADDITIONAL DAYS UP TO 10.

IT IS AGREED THAT THE DELAY OR SPEED OF DISPATCH BE SETTLED BY THE BUYER AND THE SELLER WITHIN THIRTY (30) DAYS FROM RECEIPT OF THE VESSEL'S MASTER INVOICE. VESSEL MASTER SHALL ISSUE MASTER INVOICE WITHIN SIX (6) STANDARD BUSINESS HOURS. DELAY AND DISPATCH AT DESTINATION PORT SHALL BE AS PER PORT CHARGES PER DAY. THE DELAY AND DISPATCH MONEY WILL

Seller                 9                Buyer



**FastForward div of 1411347 Ontario Limited**

BE PAID AGAINST NOTICE SIGNED BY THE OWNER OR MASTER OF THE VESSEL AND ALSO AGAINST PRESENTATION OF A WRITTEN ACCOUNTING OR ACTUAL STATEMENT OF FACTS WITH THIRTY (30) DAYS AS GIVEN AFORE.

LIGHTERAGE/LIGHTENING, DUE TO INSUFFICIENT DRAFT SHALL ALL BE FOR THE BUYER'S ACCOUNT. ALL LIGHTERAGE OPERATIONS SHALL BE CONDUCTED UNDER THE VESSEL MASTER'S APPROVAL AND SUPERVISION.

IF BUYER FAILS TO PAY DELAY CHARGES FOR ANY SHIPMENT UNDER THIS CONTRACT, SELLER SHALL. WITHOUT INCURRING BREACH OF CONTRACT, HAVE THE RIGHT TO DELAY OR TERMINATE FURTHER SHIPMENT (S) UNTIL ANY PAST DUE DELAY IS PAID BY UNCONDITIONAL SWIFT WIRE.

SHOULD THE VESSEL BE REQUIRED TO SHIFT FROM ONE BERTH TO ANOTHER AT PORT OF DISCHARGE THE EXPENSE IN SHIFTING SHALL BE FOR THE BUYER'S ACCOUNT. ACTUAL TIME UTILIZED IN MOVING FROM THE ANCHORAGE/WAITING AREA TO BERTH NOT TO COUNT AS LAYTIME UNLESS VESSEL IS ALREADY DELAYED. IF VESSEL IS UNABLE TO PROCEED TO BERTH WHEN AVAILABLE DUE TO TIDE, PILOT AVAILABILITY, PORT AUTHORITY RESTRICTIONS, AND/OR OTHER REASONS BEYOND OWNER'S CONTROL, TIME COUNT AS LAYTIME UNTIL VESSEL IS UNDERWAY TO BERTH.

FUMIGATION OF CARGO, AT PORT OF DESTINATION, IF REQUIRED BY BUYER/CARGO RECEIVERS, SHALL BE FOR THE BUYER'S ACCOUNT, INCLUDING BUT NOT LIMITED TO ACCOMMODATION / VICTUALING TRANSPORT FOR VESSEL CREW IF ORDERED BY PORT AUTHORITIES TO GO ASHORE. ANY TIME USED FOR CARGO FUMIGATION TO COUNT AS LAYTIME.

BUYERS AND THEIR CARGO RECEIVERS ARE FULLY RESPONSIBLE FOR ARRANGING ALL NECESSARY IMPORT/CUSTOM FORMALITIES INCLUDING IMPORT LICENSE AS WELL AS ARRANGEMENT FOR TAKING DELIVERY OF CARGO PRIOR TO THE VESSEL'S ARRIVAL, INCLUDING INCOMPLETE IMPORT FORMALITIES, OR NO STORAGE FACILITIES, OR NO TRANSPORT ARRANGEMENTS, OR IN THE EVENT CUSTOMS OR PORT AUTHORITIES DO NOT ALLOW DISCHARGE TO COMMENCE OR HALT.

DISCHARGE RATE PER DAY WILL BE PROVIDED BY THE BUYER AT THE PORT OF UNLOADING AT THE EXPENSE OF THE BUYER.

DISCHARGE DUE TO BUYER'S OR THEIR CARGO RECEIVERS FAILURE TO ARRANGE OR COMPLETE THESE FORMALITIES. THE BUYERS MUST PAY THE DELAY AND ANY OTHER ASSOCIATED COSTS, INCLUDING BUT NO LIMITED TO SHIFTING COSTS INCURRED TO THE SELLER'S/VESSEL'S OWNER'S BEFORE DISCHARGING CAN COMMENCE OR CAN RECOMMENCE.


## ARTICLE 14 - DISCHARGING TERMS

THE CAPTAIN OF THE DELIVERING VESSEL SHALL SEND A CABLE/FAX TO BUYER 72/36/24 HOURS INTERVALS BEFORE ARRIVAL AT PORT OF DESTINATION TO CONFIRM THE ESTIMATED TIME OF ARRIVAL ("ETA").

PORT OF DESTINATION TIME SHALL BEGIN 24 HOURS AFTER PRESENTATION OF THE NOTICE OF READINESS ("NOR") NOTIFYING CONSIGNEE OR 1ST AGENT NOT INCLUDING THE ALLOWANCES FOR PUBLIC HOLIDAYS.

Seller          10          Buyer



**FastForward div of 1411347 Ontario Limited**

BUYER SHALL BE RESPONSIBLE FOR ARRANGING AND ASSURING THAT THE VESSEL WILL BE OFF-LOADED AT THE MINIMUM DISCHARGE RATE SPECIFIED WITHIN THIS CONTRACT AND THAT THIS IS IN ACCORDANCE WITH THE DISCHARGING PORT CAPACITY.

BUYER SHALL BEAR ALL COSTS AT PORT OF DESTINATION FOR INSURANCE, DELAY AT DISCHARGE PORT, DISPATCH DUTIES, TAXES, DUTIES AND OTHER CHARGES OR PAYMENTS LEVIED AGAINST THE CARGO AND ITS HANDLING AND DISCHARGE COSTS BY THE PORT AUTHORITIES OR GOVERNMENT AGENCIES OF COUNTRY OF DESTINATION TO WHICH THE GOODS ARE DELIVERED.

## ARTICLE 15 - INSPECTION

THE COMMODITY IS TO BE INSPECTED AT PORT OF LOADING BY SOCIETE GENERALE DE SURVEILLANCE (SGS) AT SELLER'S COST. SGS SHALL INSPECT THE RESPECTIVE VESSEL(S) AND SHALL ISSUE ITS CERTIFICATES AS SET OUT IN ARTICLE – 10. THIS CERTIFICATION SHALL BE DEEMED TO BE FINAL AND BINDING ON BOTH PARTIES AND SHALL NOT BE THE SUBJECT OF ANY DISPUTE, SAVE FOR MANIFEST ERROR.UPON COMPLETION OF EACH VESSEL'S INSPECTIONS AS REQUIRED, SELLER WILL PROVIDE A FULL SET OF NON-NEGOTIABLE COPIES OF ALL THE SHIPPING DOCUMENTS AS DEFINED IN THIS CONTRACT AND IN THE BUYER'S FINANCIAL INSTRUMENT TO BUYER BY EXPRESS COURIER.

## ARTICLE 16 – INCOTERMS / INSURANCE

IN ACCORDANCE WITH CIF CONDITIONS (ICC RULES – INCOTERMS 2000), INSURANCE IS FOR THE SELLER'S ACCOUNT AND IS THE SELLER'S SOLE RESPONSIBILITY TO BE ISSUED IN THE NAME OF THE BUYER.

ALL RISK MARINE INSURANCE POLICY CERTIFICATE WILL BE PROVIDED FOR ONE HUNDRED AND TEN PERCENT (110%) OF THE REPLACEMENT COST OF THE CARGO FOR EACH SHIPMENT.

ALL SHIPMENTS TO BE EFFECTED BY VESSELS OF TWENTY (20) YEARS OF AGE MAXIMUM. THE CARRYING VESSEL TO BE FULLY COVERED FOR PROTECTION & INDEMNITY RISK (P&I) WITH AN INTERNATIONAL GROUP (OR EQUIVALENT) P&I CLUB. THE P&I INSURANCE CERTIFICATE SHOULD BE PROVIDED THROUGH FACSIMILE TRANSMISSION.

TITLE TO THE PRODUCT SHALL PASS TO THE BUYER UPON RECEIPT OF PAYMENT OF SELLER'S INVOICE. RISK OF LOSS OR DAMAGE TO THE PRODUCT TO PASS FROM SELLER TO BUYER AT THE LOADING PORT. THIS SHALL BE SUBJECT TO INCOTERMS 2000.

## ARTICLE 17 - FORCE MAJEURE

NEITHER PARTY TO THIS CONTRACT SHALL BE HELD RESPONSIBLE FOR BREACH OF CONTRACT CAUSED BY AN ACT OF GOD, INSURRECTION, CIVIL WAR, MILITARY OPERATIONS OR LOCAL EMERGENCIES. THE PARTIES DO HEREBY ACCEPT THE INTERNATIONAL PROVISION OF "FORCE MAJEURE" AS PUBLISHED BY THE INTERNATIONAL CHAMBER OF COMMERCE.

WHEN FORCE MAJEURE HAPPENS THE BUYER OR SELLER MUST IMMEDIATELY SEND WITHIN FIFTEEN (15) DAYS THEREAFTER BY REGISTERED AIRMAIL TO THE OTHER PARTY A CERTIFICATE OF FORCE MAJEURE ISSUED BY A COMPETENT GOVERNMENT AUTHORITY AT THE PLACE WHERE THE FORCE MAJEURE OCCURRED AS EVIDENCE THEREOF.

## ARTICLE 18 - ARBITRATION

THE PARTIES HEREBY AGREE TO SETTLE ALL DISPUTES AMICABLY. IF SETTLEMENT IS NOT REACHED, THE DISPUTE IN QUESTION SHALL BE SUBMITTED TO ARBITRATION. THE PLACE OF ARBITRATION SHALL BE IN

Seller                    11                    Buyer



**FastForward div of 1411347 Ontario Limited**

THE CITY OF NEW YORK IN THE UNITED STATES AT THE COURTS OF ARBITRATION UNDER I.C.C. RULES AND REGULATIONS FOR COMMERCIAL ARBITRATION BY SINGEL ARBITRATOR. THE LOSING PARTY WILL PAY THE ARBITRATION FEE. IT IS UNDERSTOOD THAT IN THE EVENT OF DISPUTE OR ARBITRATION, ENGLISH LANGUAGE AND THE LAWS OF THE UNITED STATES SHALL PREVAIL. THE AWARD OF ICC SHALL BE FINAL AND BINDING FOR BOTH PARTIES.

## ARTICLE 19 - EXECUTION OF CONTRACT

EACH OF THE PARTIES TO THIS CONTRACT REPRESENTS THAT IT HAS FULL LEGAL AUTHORITY TO EXECUTE THIS CONTRACT AND THAT EACH PARTY IS TO BE BOUND BY THE TERMS AND CONDITIONS AS SET FORTH HEREIN. EACH PARTY AGREES THAT CONTRACT MAY BE EXECUTED SIMULTANEOUSLY BY AND BETWEEN THE PARTIES VIA FAX OR FACSIMILE / E-MAIL TRANSMISSION, EACH OF WHICH SHALL BE DEEMED AS ORIGINAL NATURE. THIS CONTRACT REPRESENTS THE ENTIRE AGREEMENT BETWEEN THE PARTIES AND ANY CHANGE WILL BE MADE IN WRITING, EXECUTED BY BOTH PARTIES.

BUYER AND SELLER AGREE THAT EITHER PARTY MAY ASSIGN THIS CONTRACT, IN WHOLE OR IN PART(S), TO A THIRD PARTY; HOWEVER, THE ASSIGNOR SHALL REMAIN LIABLE UNDER THIS CONTRACT.

## ARTICLE 20 - NON-DISCLOSURE & NON-CIRCUMVENTION

ALL PARTIES DO HEREIN AGREE THAT NON-CIRCUMVENTION AND NON-DISCLOSURE RULES OF ALL ISSUES FROM INTERNATIONAL CHAMBER OF COMMERCE APPLY TO THIS TRANSACTION FOR A PERIOD OF FIVE (5) YEARS FROM DATE OF EXECUTION. THIS AGREEMENT BY UNDERSIGNED, HIS OR HER ASSIGNS, AGENTS, HEIRS, THIS NDNC ALSO APPLIES TO ANY AND ALL OTHER TRANSACTIONS DIRECTLY OR INDIRECTLY BETWEEN THE PARTIES.

BUYER AND SELLER RESPECT THE HIGHLY CONFIDENTIAL NATURE OF THIS CONTRACT AND AGREE TO MAINTAIN IN STRICTEST CONFIDENCE THE NAMES OF THE PARTIES WHOSE IDENTITIES MAY BECOME KNOWN ONE ANOTHER THROUGH EITHER THE TENDERING OF DOCUMENTS OR ASSEMBLY OF BANKING OR GOVERNMENT APPROVALS. THE PARTIES AGREE TO MAINTAIN STRICT CONFIDENTIALITY CONCERNING THE IDENTITIES OF THE PARTIES DIRECTLY OR INDIRECTLY INVOLVED IN THIS TRANSACTION. ALL DATA REMAIN THE PROPERTY OF THE PARTY WHO HAS BROUGHT THE RESPECTIVE DATA INTO THIS TRANSACTION. ANY OF THE PARTIES BREACHING THIS RULE WILL BE LIABLE FOR ANY DAMAGES RESULTING FROM SUCH ACTION TO BE COMMITTED DELIBERATELY OR BY NEGLIGENCE. IN CASE OF BREACH OF THE RESPECTIVE RULES EMITTED, THE LAWS OF THE INTERNATIONAL CHAMBER OF COMMERCE, PARIS (ICC/PARIS) WILL BE APPLIED TO.

THE INTERFERING PARTY WILL BE CHARGED WITH THE LOSS OF PROFITS IN THIS OR ANY FUTURE TRANSACTION, BY THE INJURED PARTY, WHO WILL BE ENTITLED TO FILE LEGAL PROCEEDINGS AGAINST THE INTERFERING PARTY AT THE INTERNATIONAL CHAMBER OF COMMERCE IN NEW YORK CITY NEW YORK, USA TO RECOVER THEIR LOSSES.

## ARTICLE 21 - GOVERNING LAW

THE CONTRACT WILL BE GOVERNED, AND INTERPRETED IN ACCORDANCE WITH THE RULES OF THE INTERNATIONAL CHAMBER OF COMMERCE AND ENGLISH LAW, AND SUBJECT TO THE INTERPRETATION OF INCOTERMS 2000 EDITION TO APPLY.

## ARTICLE 22 – CLAIM

Seller                          12                          Buyer



**FastForward div of 1411347 Ontario Limited**

SHOULD THE COMMODITY BE DAMAGED DURING TRANSPORTATION TO THE DESTINATION PORT THE BUYER 'S CLAIM IS TO BE ADDRESSED TO THE INSURANCE COMPANY AND SETTLED BETWEEN THE BUYER AND THE INSURANCE COMPANY.

## ARTICLE 23 - BREACH OF THE CONTRACT

*In the event of a breach of any term of this contract the defaulting party shall be given a reasonable period in which to rectify the said breach.*

*If the defaulting party fails to rectify the breach, the aggrieved party shall be entitled to cancel the contract and claim value of not less than 5% of the total value of the Finance Instrument value for the damages for losses and expenses suffered.*

*Consequential losses shall be specifically excluded from this contract. and /or buyer failed to open the non-operative L/C he will responsible to compensate the seller by 5% of total value of the contract and compensate the brokers /seller intermediaries as per signed MFPA between them and seller .*

## ARTICLE 24 - VALIDITY PERIOD

IT IS HEREBY AGREED AND UNDERSTOOD THAT THIS CONTRACT WILL HOLD ITS VALIDITY IF BANKING INSTRUMENTS ARE PUT INTO PLACE BEFORE MAY 13TH, 2011.

## ARTICLE 25 – NOTIFICATIONS

THE PARTIES HEREBY AGREE THAT ANY AND ALL NOTICE OR OTHER COMMUNICATION PROVIDED FOR, REQUIRED, PERMITTED, OR WITH RESPECT TO THIS CONTRACT SHALL BE IN WRITING, AND SHALL BE DEEMED SUFFICIENTLY GIVEN AND EFFECTIVE ON THE TENTH (10) BUSINESS DAY AFTER DISPATCH BY AIR COURIER SERVICE, CERTIFIED OR REGISTERED MAIL TO THE RESPECTIVE ADDRESSES OF EACH PARTY AS SET FORTH HEREIN, OR, AS EITHER PARTY, FROM TIME TO TIME, SHALL NOTIFY THE OTHER IN WRITING SENT IN THE SAME MANNER AS HEREIN PROVIDED. UNTIL DELIVERY OF FULLY EXECUTED HARD COPY ORIGINALS, FACSIMILE COPY OF NOTICES IS THE OPERATIVE INSTRUMENT SHALL BE DEEMED AN ORIGINAL, AND IS LEGALLY VALID AND BINDING UPON THE PARTIES HERETO AND THEIR RESPECTIVE LEGAL REPRESENTATIVES, SUCCESSORS AND ASSIGNS AND SHALL BE ADMISSIBLE AS EVIDENCE IN ANY PROCEEDING RELATING TO THE SUBJECT OF THIS CONTRACT.

A STAMPED RECEIPT ISSUED BY A COUNTRY'S AUTHORIZED POST OFFICE FOR REGISTERED MAIL SHALL BE PRESUMPTIVE EVIDENCE OF DEPOSIT IN THE MAIL, AND ALSO A RECEIPT SIGNED BY A RESPONSIBLE PERSON FOR THE RECIPIENT PARTY OR COURIER SHALL BE PRESUMPTIVE EVIDENCE OF ACTUAL DELIVERY.

PERSON FOR THE RECIPIENT PARTY OR COURIER SHALL BE PRESUMPTIVE EVIDENCE OF ACTUAL DELIVERY.

**SELLER**
1411347 ONTARIO LIMITED
33 QUEEN ST. S. KITCHENER,
ONTARIO, CANADA, N2G1V8

**BUYER**
SWEETENERS PLUS, INC.
5768 Sweeteners Blvd.
Lakeville, NY 14480
United States of America

Seller ⟋⟋⟋          13          Buyer



**FastForward div of 1411347 Ontario Limited**

DATE: March 30, 2011
COMPANY SEAL
For and behalf of the seller:                    For and behalf of the Buyer:

Name: ALEXANDER RUGE                          MARK WHITFORD
SR COMMODITIES                                VP SALES & MARKETING

## ANNEX "A"

### SCHEDULE OF DELIVERIES

| QUANTITY | START TO DELIVER | END OF DELIVERY |
|---|---|---|
| | 35-45 DAYS FROM LC. | WITHIN 16-18 DAYS AFTER VESSEL IS LOADED |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

FURTHER TO THE CONDITIONS SET OUT IN **ARTICLE 06** AND **ARTICLE 12 / 10** THE BUYER'S SHIPPING SCHEDULE IS AS FOLLOWS:

- VESSEL SHIPPED 35-45 DAYS AFTER ACCEPTANCE OF FINANCE INSTRUMENT BY SELLER'S BANK

### STANDBY LETTER OF CREDIT

Issued by:
Number of the Standby Letter of Credit:
Date of issuance:
Date of maturity: _____ Months from the date of issuance
Date of expiry: 15days after the date of maturity

Seller                          14                          Buyer



**FastForward div of 1411347 Ontario Limited**

BENEFICIARY:
Beneficiary's bank:
Address of the bank:
Account name:
**IBAN:**

We the undersigned, Bank., in full banking responsibility, hereby confirm the issuance of our Unconditional Irrevocable, Divisible, Transferable, Unencumbered and Assignable STANDBY LETTER OF CREDIT, for the amount of   USD 8,750,000.00
To


This Standby Letter of Credit will be valid 6 Months (180days) from its issuance. Payment will be available, from maturity date, at first written demand (reference : contract no. XXXX) from the Beneficiary, or Holder or Owner of the present standby letter of credit, via tested telex or fax. Any demand will have to refer as follows:


« Drawn under STANDBY LETTER OF CREDIT N°................... Dated ................. »
This STANDBY LETTER OF CREDIT will be governed by the rules of the International Chamber of Commerce from Paris (France) (UCP500/600).
This cable is an operative instrument, all charges for applicant's expense.

This standby letter of credit expires on 15days after the date of maturity.

Authorized bank Officer [1]              Authorized bank Officer [2]
Name :                                            Name :
Title : Manager                                     Title :
Tel :                                             Tel :
Fax :                                             Fax :
Seal of the bank                                  Seal of the bank


# END


Seller                        15          Buyer

| | |
|---|---|
| **From:** | Louis A. Ferro |
| **To:** | Vincent M. DeOrchis |
| **Subject:** | FW: Authorization to transfer LC |
| **Date:** | Thursday, November 10, 2011 10:00:27 AM |

**From:** Fastforwardglobal Inc. [mailto:fastforwardglobal@gmail.com]
**Sent:** Monday, September 12, 2011 6:07 PM
**To:** Louis A. Ferro
**Subject:** Fwd: Authorization to transfer LC

---------- Forwarded message ----------
From: **Fastforwardglobal Inc.** <fastforwardglobal@gmail.com>
Date: Wed, Aug 31, 2011 at 3:45 PM
Subject: Authorization to transfer LC
To: "Louis A. Ferro" <louis@chobeconsulting.com>
Cc: eurasia@rogers.blackberry.net, Patrick Rodgers <startradingusa@hotmail.com>

Please be advised that Claire Ambrosio is authorised to receive the sweeteners plus email on behalf of Fastforward to fulfill the contract with Archangel.

Yours truly,
alexander RugeC

On Aug 31, 2011 12:26 PM, "Louis A. Ferro" <louis@chobeconsulting.com> wrote:
> Alex:
>
> I just spoke to Mark. He said M&T has tried three times to send the LC to
> CIBC today, per the agreement, and it has been rejected each time. The bank
> indicated it has to go through the beneficiary per agreement or change the
> agreement, which will take time. We need to use an account in the
> beneficiaries name.
>
> We need to resolve this asap.
>
> Best,
> Louis
>
>
> Louis A. Ferro
> Chobe Advisers LLC
> 240 East 47th Street
> New York, NY 10017
> (917) 270-0709
> (703) 891-9424 Fax
>
> Disclaimer: Sender is not a United States Securities Dealer or Broker or
> U.S. Investment Advisor. Sender is a Consultant and makes no warranties or

> representations as to any Buyer, Seller or Transaction. This e-mail letter
> and the attached related documents are never to be considered a solicitation
> for any purpose in any form or content. Upon receipt of these documents you,
> as the Recipients, hereby acknowledges this warning and disclaimer. If
> acknowledgment is not accepted, Recipients must return the document copies,
> in their original receipted condition. These Confidential communications are
> protected under Gramm-Leach-Bailey Act 15 USC, Subchapter 1, sections
> 6801-6809 and other laws addressing the disclosure of Non-Public Personal
> Information.
>
>
>