**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SWEETENERS PLUS, INC.,**

      **Plaintiff,**

-vs-                                                  **Case No. 6:11-cv-1799-Orl-DAB**

**ARCHANGEL TRADING, ARCHANGEL WORLD INVESTMENT, INC., GLOBAL SUPPLY SOURCE, INC., HECTOR ORTIZ, TD BANK ACCOUNT,**

      **Defendants.**
_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION OF DEFENDANT GLOBAL SUPPLY SOURCE, INC. TO QUASH SUBPOENA AND ALTERNATIVE MOTION FOR PROTECTIVE ORDER (Doc. No. 60)**
>
> **FILED:** **June 22, 2012**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Sweeteners Plus Inc. filed this admiralty action alleging that the Defendants Hector Ortiz, Archangel World Investment, Inc., and Global Supply Source, Inc. embezzled $7,862,500 from Sweeteners in a scam involving the sale of Brazilian sugar which was never shipped. On November 30, 2011, the Court granted Sweeteners' Ex Parte Motion for Early Discovery as to any accounts maintained by Global at TD Bank.

On June 11, 2012, Sweeteners served a subpoena for records relating to any and all Global accounts maintained at Chase Bank. On June 22, 2012, Defendant Global Supply Source, Inc. filed

a motion to quash the subpoena for production of its bank records to Chase Bank or, alternatively, for entry of a protective order.

Sweeteners had previously received TD Bank records for three accounts maintained by Global at TD Bank. Based on the information contained in the TD Bank records, Sweeteners discovered that on November 21, 2011, $1,400,000 was transferred from a Global account at TD Bank to a Global account maintained at Chase Bank. From July 21, 2011 through November 18, 2011, thirty-one checks totaling $112,125 were made payable to Global and cashed by Charles Joslin, who is the President of Global and initiated the wire transfers to Watermark Realty in Stuart, Martin County, Florida, and Chase Bank. On December 5, 2011, Charles Joslin and Kerri Joslin purchased a home in Stuart, Florida for cash in the sum of $1,675,000. Doc. 61.

Sweeteners issued a subpoena to Chase Bank, including the account ending in 4732 to which Global transferred $1,400,000 on November 21, 2011, in order to confirm that those funds were used to purchase the Stuart property and to determine the disposition of the $112,125 in checks cashed by Joslin.

To the extent Global raises issues with the disclosure of its records by Chase Bank in violation of the Gramm-Leach-Bliley Act, the Chase Bank subpoena was issued in accordance with Fed. R. Civ. P. 26(b) and falls within the subpoena exception of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802(e)(8) (financial institution may disclose information to comply with properly authorized civil or criminal subpoena). Under Rule 26(b), parties are entitled to discovery of non-privileged matters that is relevant to any parties' claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R.Civ.P. 26(b). The Chase Bank subpoena is calculated to lead to evidence concerning the proceeds used to purchase the property that is the subject of Count VI and VII of the Third Amended Complaint, and to the disposition of $112,125 in cash received by Joslin.

**DONE** and **ORDERED** in Orlando, Florida on July 11, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties