# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SWEETENERS PLUS, INC.,**

**Plaintiff,**

**-vs-** **Case No. 6:11-cv-1799-Orl-DAB**

**GLOBAL SUPPLY SOURCE, INC., HECTOR ORTIZ, CHARLES JOSLIN, KERRI G. JOSLIN, MIRIAM ORTIZ and PACIFIC RIM TRADERS,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SANCTION OF STRIKING PLEADINGS AND ENTRY OF DEFAULT AGAINST GLOBAL SUPPLY SOURCE, INC., CHARLES L. JOSLIN, AND KERRI G. JOSLIN (Doc. No. 99)** |
| **FILED:** | **August 27, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On July 23, 2013, Plaintiff filed Unopposed Motions to Compel Defendants Global Supply Source, Inc., Charles L. Joslin and Kerri G. Joslin to Respond to Plaintiff's First Requests for Production. Docs. 90, 91, 92. Plaintiff's counsel contacted Defendant's then-counsel, Michael Appleton, Esq. pursuant to Local Rule 3.01(g) to discuss the Motions to Compel, and Mr. Appleton advised that he intended to withdraw from representing Global Supply Source, Inc. due to lack of

communication from his client and consequently had no grounds on which to oppose this motion. *See* Docs. 90, 91, 92, Ex. B.

On August 2, 2013, the Court granted Plaintiff's Motions and ordered Defendants to show cause by August 16 why sanctions, including default, should not be imposed against them for failing to participate in discovery and for failing to cooperate with their counsel in defending the claims against them. Doc. 94. Defendants did not provide the discovery as ordered and failed to file a response to the Order to Show Cause.

On August 15, 2013, Defendants' counsel, Michael Appleton filed a Motion to Withdraw as counsel for Global Supply Source, Inc., Charles L. Joslin and Kerri G. Joslin, in which he stated, "Defendants have failed to respond to communications from counsel for a period in excess of 90 days, including communications by letter, telephone calls and email transmissions." Doc. 95. In addition, counsel informed Defendants on several occasions "that he would seek leave to withdraw unless they cooperated in the defense of the action." On August 20, 2013, the Court issued an Order to Show Cause before September 3, 2013 why counsel's motion to withdraw should not be granted as to Defendants Charles L. Joslin and Kerri G. Joslin; it was subsequently granted on September 11, 2013. Docs. 97, 100. The Court further reminded Defendants that the Court's previous Order granting Plaintiff's Motion to Compel Discovery (Doc. 94) subjected them to being sanctioned, including default, for their failure to participate in discovery and for failing to cooperate with their counsel in defending the claims against them. Doc. 97. Mr. Appleton filed a Notice on August 20, 2013 stating that he had served by mail a copy of the Order. Doc. 98.

On August 27, 2013, Plaintiff filed its Motion for Sanctions for Defendants failure to produce the previously-ordered discovery. Doc. 99. Pursuant to Federal Rule of Civil Procedure 37, the Court may impose discovery sanctions, including default judgment, when a party "fails to obey an

order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). In this case, as Plaintiff argues, Defendants have wholly failed to participate in discovery or to communicate with their counsel, despite being repeatedly ordered to do so by the Court. Defendants' failure to provide any explanation for their failure to comply with the Courts' orders warrants the striking of pleadings and entry of default. Plaintiff also argues that Defendants' failure to communicate with its counsel or respond to discovery demonstrates they have abandoned defenses to this lawsuit, which is a separate ground for entering default. In the absence of any response to the Court's previous Orders, or other indication that they intend to participate in defending this case, no lesser sanction will be effective.

Rule 37(d) provides the range of sanctions that a district court may impose upon parties for failure to attend its own deposition. The court may impose in its discretion: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or enter a judgment of default against the violating party; and (4) the court may consider the violation a contempt of court. Fed. R. Civ. P. 37(b). Instead of or in addition to these sanctions, the Court must also impose the reasonable expenses incurred by Plaintiffs for these Defendants' non-appearance at their depositions, where not substantially justified. Fed. R. Civ. P. 37(d)(3).

It is respectfully **RECOMMENDED** that Plaintiff, Sweeteners Plus, Inc.'s Motion for Sanctions to strike the pleadings of Defendants Global Supply Source, Inc., Charles L. Joslin and Kerri G. Joslin be **GRANTED** and the Clerk be **DIRECTED** to enter defaults against these

Defendants. Within 30 days of any Order adopting this Recommendation, Plaintiff should be instructed to file a properly supported motion for final default judgment with a proposed order.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 17, 2013.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy